at all. All right. Ms. Geen. Good morning, and thank you, Your Honor. My name is Karen Talbot Geen, and I represent the Agrid Foundation, and I have reserved two minutes of my time for rebuttal this morning. My client is appealing the district court's dismissal of its declaratory judgment action seeking a determination of its rights under a 1952 act of exchange between its predecessor and title, International Paper Company, and the United States. The district court dismissed for lack of jurisdiction, lack of standing, holding that Agrid's injury was not caused by the government's failure to recognize its right to charge fees, but that Agrid caused its own injury by charging the fees that it believes it has the right as the landowner to charge. Justice Smith, is that all the court said? Because the court seemed to also say, in addition to perhaps alluding to the plaintiff causing its own caused the harm, and that standing requires that the person you're suing be responsible for the harm you seek redress for. Well, what the court said, and this is found in the order itself, that the court disagreed with Agrid's position that the government had caused harm, and said that instead the court found that Agrid had caused its own injury by choosing to charge the fees in question, and that because Agrid had caused its own harm and had essentially a self-inflicted injury, that for that reason that the government had not caused the harm. And in this case, it's important to remember several points. One, there are only two parties to the Act of Exchange, and the Act of Exchange is a federal contract between the United States government and a private party, and case law is clear that there is no third party standing. So, there are only two parties with any right to enforce any action or obligation under the Act of Exchange. Agrid took action that it believed it had the right to take as the landowner, not action that was allowed to it under the Act of Exchange, but action it believes it has the right to take as the landowner to charge fees with respect to its property. The district court's ruling that says that Agrid's injury is self-inflicted and thereby... But even if you is responsible and that the party you're suing is capable of having a judgment entered against it, that would supply a remedy. Well, in the context of a declaratory judgment action, and the Luon case addresses this specifically, when the action of the government that is challenged is against the party challenging that action, that there is no question but what that action of the government caused that injury, and a decision declaring the rights of the parties will remedy it. And also in this situation, because... Well, even if you got a declaration that you want, if somehow you're saying you can force the government to say that your client has the right to charge fees, which the government has expressly decided it would not do, would not make that declaration, that still wouldn't change the effect of what's already occurred, would it? Well, yes, it would change the effect of what's occurred. What would be the effect of that? Well, with either a recognition by the government that Agrid does have the right to charge those fees, or the equivalent, which would be a declaratory judgment saying that the active exchange does permit those fees, and we believe those are under the active exchange. And because there is no standing of any third party, any third party will necessarily be bound by a decision that affects the two parties to the active exchange. It would be the equivalent of Agrid and the United States modifying their agreement, which they have the right to do, that's not prohibited under the active exchange, and that would also be binding on the parties. So your position... Oh, go ahead, Chief. I guess I'm still in... This will be my last inquiry on it. It still seems you're trying to get a remedy from the government that won't grant relief that you're seeking in terms of the ultimately desire to achieve, that the requirement for standing has a causal connection that just doesn't exist with the action the government took, or the non-action the government took in choosing not to declare that you have the right to make the charges that you have. The state court has already issued its injunction, and that's in place. And has that been appealed? Yes. And is that appeal pending, or has that appeal been resolved? That appeal is still pending. Well, this kind of leads into my question, which is, didn't the Missouri courts or whatever implicitly hold that there was standing on the part of these people who wanted to use the lake, that they had standing to sue? I mean, isn't that implicit in the fact that they issued an injunction? Well, the Arkansas state court did hold that the third parties had standing, and we have repeatedly challenged that at every stage of the litigation. We filed a motion to dismiss in the appeal process, but the federal decisions, the U.S. Supreme Court has made it clear that there is no third party standing in a contract between the federal government and a private party. Yeah, Arkansas courts, I apologize, but I guess my problem then is that that's sitting there, and if it's sitting there and they've made this third party standing ruling, which is none of our business, I mean, that's the Arkansas courts get to decide that, then they still have to review the contract de novo. So even if the government, because contract interpretation is de novo, even if the government said, you know what, we absolutely believe 100% that AGRA gets to charge these fees, we're behind them 100%, and they even filed an amicus brief, you're going to go to Arkansas courts, and we've had Arkansas contract cases, and they're going to say de novo review. So I don't know what it's going to accomplish. Well, the Arkansas court, if the district court rules that AGRA does have the right to charge those fees, again, that's the same as a modification of the contract between the two parties, and that would be, you know, by motion introduced to the state court, and that's binding on the parties that claim any right under the active exchange. There are only two parties to the change it at any time they want. So any ruling saying that there was a right of some third party to not be subject to those fees would be rendered moot by the district court decision. So and there's no argument, this is really at the root of it, there's no argument that the government is entitled to deference in the interpretation of the active exchange. This might be even better for the government. I could see your argument being persuasive if somehow the courts had to defer to what the government said, then getting the government yeah, you can charge these fees would have made a difference in the underlying litigation. But I don't understand you to be making that argument, and I don't understand that to be the law. Am I correct about that? Correct. In this case, this is a contract between the federal government and the private party. You've got about a minute left for rebuttal if you'd like to retain it. I will reserve my time for rebuttal. Thank you. Mr. Cree? May it please the court. Opposing counsel, good morning. My name is Seth Cree, I represent the United States in this matter. The lower court's decision should be affirmed as AGRED lacks standing in this case. I will briefly summarize why the lower court should be affirmed, and then I will address each point in detail in turn. First, AGRED can not prove causation in this case as the United States does not have an adverse legal interest to AGRED as they do not dispute these fees. Moreover, the complaint of injury of AGRED predates the complaint of conduct of the United States. Second, AGRED cannot prove redressability. Even if the lower court were to rule in AGRED's favor, a state court tribunal is not bound by an inferior federal court, and nor would there be any res judicata as the parties would not be imprimitive. Now, addressing each point in turn, beginning with causation, to begin, AGRED has the burden to prove each standing element. They must prove the burden of causation. In this case, they cannot meet the burden of causation as there is no adverse legal interest between the United States and AGRED. Further, the injury predates the complaint of conduct. Beginning with causation by adverse legal interest, and backing up, AGRED's injury, to be clear, is that they have been the United States' failure to publicly recognize that AGRED is permitted to charge these fees. There is no adverse legal interest here as the United States has not in the past disputed the fees. In fact, AGRED charged the fees for numerous years. The United States did not take any action, and the United States will not change its position on whether or not AGRED can charge these fees in the future. AGRED makes allegations that in the future the United States could change its mind, but this is implausible, and also it is a hypothetical set of facts. The United States has publicly made this information known. How can they later change their position and all of a sudden state that the contract does not permit AGRED to charge these fees? Further, part of the position... I don't know if it's possible. I get the hypothetical speculative, but to be frank, the government changes its position not all the time. I don't want to overstate it, but there's a lot of instances where we have a change in administration or a change in the Department of Justice or whatever, and they change their position on it to say it's impossible, that the government's going to change its mind on the agreement. Yes, Your Honor, I would agree that is a bit of an overstatement, but my point in this case is that Exhibit A for AGRED would be, here is this letter from the United States saying that they believe the contract is silent on the fee setting, and in that same letter, the United States briefly discusses that it doesn't feel it has the authority to say whether or not AGRED can charge these fees. It's just not likely that the United States will charge or change their mind and assert that AGRED cannot charge these fees in the future. Second, and more importantly, AGRED, it is implausible in this case, and I will be firm on implausibility of this, that there is no traceability to the United States. The injury that AGRED complains of, the state court litigation, and specifically discussing the Friends of Lake Irwin, the FOLIA litigation, was initiated in March of 2016. The United States position was not made known until August of 2016. That is five months after the complaint of injury. How can AGRED trace its injury to the United States conduct, which occurred five months after the injury? That is implausible. There is no traceability to the United States in this case. Second, well, in addition to the predating of the injury, of note, the state court litigation makes no reference to the United States position, and again, how could it? The litigation predates the United States position. Moving on, even if the United States, and the court asked these questions to opposing counsel, even if the United States were to change its position and say that it supports wholeheartedly that AGRED can charge these fees, what changes? There is no deference, as the court asked earlier, that I'm aware of. There's no statute or regulation that says a court must defer to the governments interpretation of a contract term. That does not make any logical sense, and I do not believe there would be any type of rule or statute out there that would give the United States any type of deference in saying that. And clearly, the United States having this supportive position would have no binding or persuasive effect on a litigant. A third-party litigant is not going to be deterred from pursuing litigation just because the United States takes a certain position. Next, AGRED makes different arguments about how the lower court erred by finding that it opened the door and it's the sole cause of its injury. Your Honor, this court's review is de novo. That argument by AGRED is irrelevant. This court will make its own conclusion with little to no deference to the lower court. And whether or not the lower court made that ruling, which I dispute that it actually made that ruling, as Your Honor alleged, the lower court also discussed how there was just no causation to the United States. In support of AGRED's position on the lower court's error, they cite to a couple different cases, briefly discussing taking the Alexis Wine Farm case where a court incorrectly found that it causes an injury. In that case, this winery had this wine farm license. And this license made them subjected to the statute that required that their wine be made up of a certain percentage of in-state ingredients. They sued this commissioner who would have the authority to enforce this provision as like a prosecution where they'd be subject to civil liabilities. And so the winery sued the commissioner. And the court ultimately found that the winery has standing in that case because the commissioner has an adverse legal interest to the winery because they can enforce this provision and prosecute them for failing to comply with the statute. There's no applicability to this case. There's no unilateral enforcement that the government could pursue in this case. They are contracting parties with the rights of a contracting party. There's no statute. There's no action that the United Similarly, in the MedImmune case, that case is also distinguishable. In that case, it dealt with a licensing agreement where a patentee alleged that a licensee owed it money under this licensing agreement. And the licensee continued to make the payments to the patentee, even though they disputed that the royalties were owed. They filed a declaratory judgment, and the lower court incorrectly determined that by continuing to pay these fees, that there was no longer any injury and no standing. Again, this has no applicability to this case. There's no argument by the United States. There's no opinion by the lower court that because AGRED, once the injunction was issued in the state court, stopped charging the fees, that there's no longer any standing. That is not applicable to this case. Your Honor, next, the United States would briefly address redressability in this case. The lower court, if they were to rule in AGRED's favor, there would be no redressability afforded to AGRED, as a state court tribunal is not bound by an inferior federal court. There would be no binding effect. I will concede that a state court may find it persuasive, but it is not binding, and its potential persuasiveness does not give enough sufficient rise to the likelihood that AGRED would have redressability in this case. AGRED briefly argues in their reply that the precedential value of a lower court's opinion is not what's applicable. What is applicable is if there's going to be res judicata. In my opinion, there would be no res judicata, as the state court litigants would not be found to be imprivy to the United States, and therefore, res judicata would not apply. Your Honor, unless there's questions of the court, that concludes my argument. Thank you, Mr. Cree. Ms. Jayden? Yes, Your Honor. I know I don't have much time, but with respect to traceability and adversity, both of those principles in the declaratory judgment context are structural. There are only two parties to the act of exchange, the only adverse party, the only party that can have caused the injury with respect to AGRED is the United States. They're the only party that can take a position contrary to AGRED. If the district court's ruling that a party causes its own injury, thereby saying that the other party didn't cause that injury in the context of a declaratory judgment is taking a position contrary, that would eliminate declaratory judgment in the context of a declaratory judgment action. If the district court's ruling is correct in a contract between the federal government and a private landowner, when a controversy arises with respect to that contract, even with third parties who have no standing and no interest in that contract, the landowner can't take action it takes no position, which is in and of itself taking a position, can abandon its contracting partner with no remedy. Chief, can I ask one quick question? I know we're over time here. I can't figure out how the government is adverse. You say they're taking a position, but they're basically Switzerland here, right? They're neutral. They don't care what AGRED does, and I can't figure out how that is adverse under the definition of adverse to what you want. They just don't want to say. Yes, your honor. Adversity, again, is structural. There are only two parties to the active exchange that have any standing, any right to assert anything under the active exchange. That is AGRED and the United States. And the United States is saying, well, the active exchange does not permit the fees. And they're also saying that even though the active exchange does not prohibit the fees, there are certain fees that you can't charge. You can't charge for boat launch. You can't charge for access to this recreation site. Even though they're acknowledging that the active exchange does not prohibit fees, they are saying, well, but there are some fees that you can't charge. And so that is directly contrary to AGRED's position that it can charge fees as a landowner and impose reasonable rules and regulations on its own property as long as Lake Erling is not closed to public use generally under the Flood Control Act. And so, yes, they have taken a And also, you come back to the structural component in the context of a declaratory judgment action where, as the only other party to the active exchange, they are an adverse party and they're the only person who can have caused the injury by taking an adverse position to AGRED. Thank you, Ms. Jane. Thank you also, Mr. Creed. The court appreciates both in support of the briefing which you've submitted to us. We'll take the case under advisement and render decision in due course. Thank you. Thank you, Your Honor. Thank you, Your Honor. Madam Clerk, I believe that concludes the morning's argument proceedings. Am I correct? Yes, Your Honor, you are correct. All right. That being the case, the court will be in recess till tomorrow morning at 9 a.m. Judges, I'll send you a note here shortly for